# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2018

Lyle W. Cayce
Clerk

No. 17-60708
Summary Calendar

ANSELMO RUBIO-MONCADA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 346 054

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Anselmo Rubio-Moncada, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of his application for withholding of removal. Rubio contends the BIA erred in ruling he was ineligible for relief because he was persecuted due to, and had a well-founded fear of persecution

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60708

on account of, his membership in two particular social groups: his family and Mexican deportees.

Rubio alleges that, while he lived in Mexico, a group of men attempted to rob him of the proceeds he obtained from the sale of his truck. Rubio's neighbor allegedly intervened in the robbery and shot one of Rubio's assailants. In his application for relief before the IJ, Rubio alleged the attackers thereafter threatened violence against his family in retribution for one of the assailants' being wounded in the robbery attempt. He also alleged—before the IJ, but not before the BIA—he feared persecution because he is a Mexican deportee and other Mexican citizens perceive deportees as wealthy, subjecting deportees to robberies and violence.

"When considering a petition for review, this court has the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Here, because the BIA agreed with the IJ's conclusions as to Rubio's eligibility for relief, we review both the BIA's and IJ's decisions under the substantial-evidence standard. *Id.* at 536–37. Under that standard, Rubio "must show that the evidence was so compelling that no reasonable factfinder could conclude against it". *Id.* at 537. But, we lack jurisdiction to review issues not raised before the BIA. *E.g.*, *Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009).

The evidence does not compel a finding Rubio has been, or likely would be, persecuted due to his membership in his family. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Even if his family qualified as a cognizable particular social group, there is no indication his family membership is a "central reason" he was or would be targeted. *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). Rather, the record shows his

2

attackers had a criminal motive and were prompted by a desire for economic gain, which does not constitute persecution due to a protected ground. *See, e.g.*, *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Shaikh*, 588 F.3d at 864. Further, the evidence does not indicate the men who attacked Rubio had a generalized desire to punish him or his family due to their group identity. Rather, any issues are personal to Rubio and related to the attackers' desire to exact revenge for Rubio's neighbor's shooting one of them during the robbery attempt. Aliens targeted solely for personal reasons, like revenge, do not allege a basis for relief. *E.g.*, *Thuri v. Ashcroft*, 380 F.3d 788, 792–93 (5th Cir. 2004).

As noted, regarding Rubio's asserting he is entitled to relief based on his membership in the particular social group of Mexican deportees, he did not raise this issue before the BIA. He, therefore, did not exhaust his administrative remedies for this claim, and we lack jurisdiction to review it. 8 U.S.C. § 1252(d)(1); *Omari*, 562 F.3d at 319.

DISMISSED IN PART AND DENIED IN PART.